## Mike et ux. v. Lian

*L. D. McCall*, for plaintiffs.
*Liveright & Smith*, for defendant.

SMITH, P. J., April 12, 1935. — The plaintiffs have moved to strike from the record certain portions of the affidavit of defense and new matter filed by the defendant. The principal objection is that the defendant affirmatively pleads as new matter a statute of the State of Ohio, in which the accident in question occurred, which deals with the measure of responsibility of the owner or operator of a motor vehicle to a guest. As the law of Ohio is asserted to be different in this respect from that of Pennsylvania and the defendant seeks to avoid the presumption of similarity, we see no reason why the pleading of this fact is not proper. The plaintiffs' real concern is whether, if they fail to answer such averment in a further pleading, it will be deemed to be admitted. Section 13 of the Practice Act of May 14, 1915, P. L. 483, provides that "In actions of trespass the averments . . . of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted". We do not think an averment of the character and importance of the one in this case, namely what the law of another State is, could be deemed a "similar averment", and therefore it would not be the duty of the plaintiffs to answer this averment by a pleading, and their failure to so answer it would not prevent the averment being disputed at the trial or subsequently in a proper manner. So far as the effort to strike off the notice on the back of the affidavit of defense and new matter, which in terms requires an answer to be filed, this notice is required by the terms of the Practice Act, but its effect is limited by the terms of the act generally.

The plaintiffs also object to the use of the phrase "and/or". Plaintiffs' counsel has cited to us some comments of authorities of note on this phrase, including

those of Senator Carter Glass who says: "A man who doesn't know whether he means 'and' or 'or' is unfit to write a statute", and that of John W. Davis that "It is a bastard sired by indolence (or by ignorance) out of dubiety. Against such let all honest men protest". He has also referred to an editorial in the American Bar Association Journal of August 1932. Without endorsing the extreme criticisms above mentioned of this innovation in language which has come to be used so frequently in business contracts in recent years, and while recognizing that new terms are constantly being adopted into the language by usage, we agree that the use of it in pleadings should be avoided, and that the accuracy required can be better obtained by the use of more conventional forms. However, we think there is no ambiguity about its use in the pleading in this case, and we therefore deem it unnecessary to make any ruling thereon.

*Order*

Now, April 12, 1935, for the reasons herein stated, the rule to strike out certain portions of the affidavit of defense and new matter is hereby discharged.

From John M. Urey, Clearfield.